UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Andres Cahuec Colaj,

Petitioner

v.

Michael Bernacke, et al.,

Respondents[1]

Case No. 2:26-cv-02014-CDS-DJA

**Service Order**

[ECF No. 1]

Petitioner Andres Cahuec Colaj, an immigration detainee who is challenging the lawfulness of his federal detention, has filed a counseled petition for federal habeas corpus relief under 28 U.S.C. § 2241. Pet., ECF No. 1. Following a preliminary review of the petition under the Rules Governing § 2254 cases,[2] I find that the petition establishes a prima facie case for relief. I direct that the petition be served on the United States Attorney's Office for the District of Nevada (USAO).

It is kindly ordered that the Clerk of Court:

1. **MAIL** a copy of the petition (ECF No. 1) and this order pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure to John Mattos, Warden, Nevada Southern Detention Center, 2190 E. Mesquite Ave., Pahrump, NV 89060.

2. **SEND** a courtesy copy of the petition (ECF No. 1-1) and this order to Ashley Hesman (Mattos's attorney) at ahesman@strucklove.com.

It is further ordered that the United States Attorney's Office for the District of Nevada file a notice of appearance by July 20, 2026, and file and serve their answer to the petition by July 27, 2026, unless additional time is allowed for good cause shown. The respondents must, if

---

[1] Michael Bernacke is no longer serving at the Field Director so the clerk of court will be directed to substitute Ruben Leyva.

[2] I exercise my discretion to apply the rules governing 28 U.S.C. § 2254 petitions to this 28 U.S.C. § 2241 action. *See* Habeas Rule 1(b).

applicable, provide copies of the following: (1) I-200 Warrant for Arrest of Alien; (2) Form I-286 Initial Custody Determination; (3) I-862 Notice to Appear; (4) Form I-213 Record of Deportable or Inadmissible Alien; (5) all immigration court orders in the petitioner's removal proceedings; (6) documents certifying any appeal of any immigration court orders by Department of Homeland Security or the petitioner; and (7) transcripts and/or audio recordings of any custody redetermination proceedings. Alternatively, federal respondents may CERTIFY that any of the listed documents are not in their custody or control. The respondents must file any documents referenced or relied upon in their responsive pleadings with those pleadings.[3] The petitioner will then have five days to file any reply.

It is further ordered that the parties must meet and confer regarding any requests for an extension of deadlines and stipulate to the extension if possible. Any motion for extension must certify efforts taken to meet and confer and indicate the opposing party's position regarding the extension. Any motion or stipulation must comply with Federal Rule of Civil Procedure 6(b) and Local Rules IA 6-1, 6-2.

It is further ordered that the respondents must not transfer the petitioner out of this District, with the exception of effectuating the petitioner's lawful deportation,[4] until further order of the court. In the event of lawful deportation, the respondents' counsel must file a notice with the court within five days of removal.

The Clerk of Court is kindly instructed to substitute Ruben Leyva for Michael Bernacke.

Dated: July 10, 2026

_____
Cristina D. Silva
United States District Judge

---

[3] *See Harris v. Nelson*, 394 U.S. 286, 290 (1969) (holding that "a district court, confronted by a petition for habeas corpus which establishes a *prima facie* case for relief, may use or authorize the use of suitable discovery procedures . . . reasonably fashioned to elicit facts necessary to help the court to 'dispose of the matter as law and justice require.'" (citing 28 U.S.C. § 2243)).

[4] *See F.T.C. v. Dean Foods Co.*, 384 U.S. 597, 604 (1966) (noting the court may use its "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction").