UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Andres Cahuec Colaj,<br>Petitioner<br>v.<br>Todd Blanche, et al.,<br>Respondents | Case No. 2:26-cv-02014-CDS-DJA<br>**Order Adding the United States Attorney's Office and Setting Briefing Schedule** |

Petitioner Andres Cahuec Colaj, an immigration detainee who is challenging the lawfulness of his federal detention at the Nevada Southern Detention Center, has filed a counseled petition for federal habeas corpus relief under 28 U.S.C. § 2241. ECF No. 1. Although the court's original service order directed that the petition be served on the United States Attorney's Office for the District of Nevada (USAO), the USAO was not added to the docket.

It is therefore kindly ordered that the Clerk of Court:

1. **ADD** the United States Attorneys' Office for the District of Nevada to the docket as an Interested Party. Pursuant to District of Nevada's General Order 2026-03 (Feb. 13, 2026), this constitutes service on all federal respondents under Federal Rule of Civil Procedure 4 and 28 U.S.C. § 2243.

It is further ordered that the USAO must file a notice of appearance by November 10, 2026, and file and serve their answer to the petition by November 24, 2026, unless additional time is allowed for good cause shown. The respondents must file any documents referenced or relied upon in their responsive pleading with that pleading. The petitioner will have five days to file a reply.

In filing a response, the respondents must also provide a copy of any and all of the following records,[1] which are relevant to the lawfulness of the petitioner's detention: (1) I-200 Warrant for Arrest of Alien; (2) I-286 Initial Custody Determination; (3) I-862 Notice to Appear; (4) I-213 Record of Deportable or Inadmissible Alien; (5) all immigration court orders in the petitioner's removal proceedings or custody redetermination proceedings; (6) documents reflecting any appeal of any immigration court orders by the Department of Homeland Security or the petitioner; (7) transcripts and/or audio recordings of any custody redetermination proceedings; (8) any other records the federal respondents rely on to justify petitioner's detention. Alternatively, the federal respondents must CERTIFY that, after a diligent search, they have determined that the records are not in their possession, custody, or control.

Dated: November 3, 2026

Cristina D. Silva
United States District Judge

[1] *See Harris v. Nelson*, 394 U.S. 286, 290 (1969) (holding that "a district court, confronted by a petition for habeas corpus which establishes a prima facie case for relief, may use or authorize the use of suitable discovery procedures . . . reasonably fashioned to elicit facts necessary to help the court to 'dispose of the matter as law and justice require.'" (citing 28 U.S.C. § 2243)).